**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **EDDIE MORRIS BENTON** § § **Plaintiff,** § § **v.** § § **ACTIVA PRODUCTS, INC.** § § **Defendant.** § § § | **Civil Action No. 2:11-cv-253** <br><br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Plaintiff, Eddie Morris Benton ("Benton"), brings this action against Defendant Activa Products, Inc., its parent and subsidiaries (hereinafter "Activa"), for violating the laws of the United States of America, as well as the State of Texas, and alleges the following:

**I.  INTRODUCTION**

1. This action seeks to recover equitable relief, compensatory and punitive damages, liquidated and unliquidated damages, front and back pay, exemplary damages, attorney's fees, expert witness fees, taxable costs of court, pre-judgment and post-judgment interests for violations of Plaintiff's rights under Title VII of the Civil Rights of 1964, as amended and 42 U.S.C. §§ 1981, et seq. and 2000e-2(a), the American with Disabilities Act and Texas Workers Compensation Act §§ 451.001, et seq.

2. Plaintiff demands a jury trial on all issues triable to a jury.

**II. PARTIES, JURISDICTION, AND VENUE**

3.  Plaintiff, Eddie Morris Benton, is a citizen of the United States of America and the State of Texas residing in Marshall, Texas.

4. Defendant, Activa Products, Inc, is a domestic corporation authorized to do business in the State of Texas and is an employer within the meaning of Title VII. Defendant can be served by and through its registered agent Mr. Frank F. Strauss, 512 South Garrett, Marshall, Texas 75760 which is also the address for its principal place of business.

5. This Court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 and 28 U.S.C. §1367.

6. Venue is proper in the Eastern District of Texas, under 28 U.S.C. §1391(b) because the substantial part of the events or omissions giving rise to this cause of actions occurred in the Eastern District of Texas.

### III. CONDITIONS PRECEDENT

7. All conditions precedent to filing this cause of action have been met.

### IV. FACTS

8. Plaintiff timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") against Defendant on September 21, 2009, filing Charge No. 450-2009-05041. The EEOC issued a right to sue letter on March 22, 2011.

9. Activa is leading corporation supplying and producing paper mache, plaster cloth and colored sand among many other products to facilitate arts and crafts products throughout the United States in interstate commerce.

10. Plaintiff is an African-American male approximately fifty-one (51) years of age.

11. On or about December 29, 2008, Plaintiff began employment with Activa as a Machine Operator.

12. On or about April 9, 2009, Plaintiff was involved in an on-the-job injury in which several of his fingers on his left hand were amputated and/or severely injured while operating machinery at Defendant's location.

13. Shortly after his injury, Plaintiff filed a Texas Workers Compensation claim to facilitate payment for his medical treatment as well as loss of income.

14. Plaintiff underwent treatment was under a doctor's care for several months.

15. Plaintiff never resigned his employment.

16. On or about July 16, 2009, Plaintiff was released to work by his physicians.

17. On or about July 16, 2009, Plaintiff returned to Activa to continue his job and provided the documentation stating he was clear to return to his position to the President and owner of Activa, Mr. Frank Strauss.

18. Mr. Strauss requested that Plaintiff provide his cell phone number and that he would call him back to work shortly thereafter.

19. Plaintiff never received any further contact from Defendant.

20. Plaintiff never received a reasonable accommodation from Defendant due to this disability.

21. After several months with no response from Defendant, Plaintiff was forced to file for unemployment.

22. During the unemployment appeal, Defendant asserted that Plaintiff had quit as of September 2, 2009, without any basis for such assertion.

23. Activa was aware of Plaintiff's disabled condition prior to their termination of his employment.

24. Activa was aware of Plaintiff's workers compensation claim prior to their termination of his employment.

25. Despite Activa's knowledge of Plaintiff's condition, they did not offer a reasonable accommodation.

## V. CAUSES OF ACTION

### COUNT ONE: DISABILITY DISCRIMINATION

26. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

27. Plaintiff has three amputated fingers on his left hand that impaired a major life activity.

28. Defendant knew about Plaintiff's injury and resultant disabled condition.

29. Plaintiff was qualified for the position of Machine Operator at all times relevant to this case.

30. Plaintiff never resigned his position.

31. Activa terminated Plaintiff due to his disability or in the alternative failed to hire Plaintiff due to this disability.

32. In addition, Plaintiff avers that Activa's unlawful and discriminatory actions on account of his disability violates the provision of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, paragraph 703(a), and by the American with Disabilities Act justifying an award *inter alia*, of compensatory and punitive damages against Activa.

33. Such discrimination has caused Plaintiff to suffer damages of severe emotional distress and lost wages.  Such discrimination was committed with malice and reckless indifference to the rights of Plaintiff to be treated as a member of a protected class, and to the intent of the statute to protect victims from such actions.  Such malicious or reckless indifference warrants punitive damages as provided in Title VII of the Civil Rights Act as amended by the Civil Rights Act of 1991 and the American with Disabilities Act.

34. As a result of Activa's discriminatory actions, Plaintiff has been denied opportunities to which he was entitled and such benefits and privileges that he would have received if he had not been intentionally discriminated against by Activa.  Plaintiff is now suffering and will continue to suffer past and future pecuniary loss, emotional anguish, suffering, inconvenience, mental anguish, loss of

enjoyment of life and other non-pecuniary losses. This irreparable injuries and monetary damages are the result of Defendants' discriminatory practices and they will continue unless and until this Court grants relief.

### COUNT TWO: TEXAS WORKERS COMPENSATION RETALIATION

35. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

36. On or around April 9, 2009, Plaintiff filed a Texas Worker's Compensation claim due to an injury suffered on the job.

37. Plaintiff never resigned his position.

38. Plaintiff was never informed by Defendant that he was terminated.

39. Plaintiff was released back to work by his physician on or about July 16, 2009, at which time he returned to Activa to resume his position.

40. Plaintiff spoke with the owner and president of Activa, Mr. Frank Strauss who stated that he would give Plaintiff a call regarding Plaintiff's work schedule.

41. Plaintiff never received any contact from Activa after that meeting on or about July 16, 2009.

42. Plaintiff was discharged and/or discriminated against in retaliation for exercising his rights under Texas state law to file a Texas Worker's Compensation claim to remedy an on-the-job injury.

### VI.   CAUSATION AND DAMAGES

43. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

44. Activa acted with the intent of injuring Plaintiff. The actions of Activa were taken and carried out with actual malice, and with the desire to inflict injury and damage upon Plaintiff without any cause or excuse.

45. As a direct and proximate result of Defendant's above-mentioned legal violations, Plaintiff has suffered damages, including but not limited to loss of past and future earnings and earning

capacity, loss of fringe benefits, loss of a beneficial economic relationship with Defendant, and loss of the ordinary pleasures of everyday life, including a right to pursue gainful occupation of choice.

46. As a direct result of Activa's discrimination and wrongful termination of Plaintiff, Plaintiff has suffered mental anguish and emotional distress.

47. Plaintiff is further entitled to back pay, front pay, compensatory damages, exemplary damages, emotional distress, inconvenience, pain and suffering, lost of enjoyment of life, pre-judgment and post-judgment interest, attorney's fees and costs.

48. Accordingly, Plaintiff is entitled to recover punitive damages under Title VII and 42 U.S.C. §§ 1981, et seq. and 2000e-2(a), the American with Disabilities Act and under the Texas Worker's Compensation Action §§451.001, et seq.

## VII.  JURY DEMAND

49. Plaintiff requests a trial by jury.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment be entered in his favor awarding him judgment as follows:

50. An order out of this Court reinstating Plaintiff in a position comparable to that which he formerly held or should have held with Defendant and such other equitable relief necessary to end the discriminatory, unfair, and illegal practices of Defendant;

51. An injunction against future violations;

52. An award of back pay, front pay and lost fringe benefits, including damages for lost earnings capacity;

53. Expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

54. Emotional distress and mental anguish;

55. Compensatory damages in whatever amount Plaintiff is found to be entitled, together with interest, costs and attorney's fees, under Title VII and 42 U.S.C. §§ 1981 and 2000e-2(a), the Americans with Disabilities Act, and the Texas Workers Compensation Act §§ 451.001, et seq.;

56. Punitive damages against Defendant, entitled under Title VII and 42 U.S.C. §§ 1981 and 2000e-2(a), the Americans with Disabilities Act, and the Texas Workers Compensation Act §§ 451.001, et seq.;

57. Pre-judgment interest at the highest rate allowed by law;

58. Post-judgment interest at the highest rate allowed by law;

59. All costs of court, and

60. Such other and further relief at law or in equity, to which Plaintiff may be justly entitled.

DATED: May 11, 2011                    RESPECTFULLY SUBMITTED,

**THE BHATTI LAW FIRM, PLLC**

/s/Vincent Bhatti
Vincent J. Bhatti
State Bar No. 24055169
Ditty S. John
State Bar No. 24062803
7920 Belt Line Road
Suite 1125
Dallas, Texas 75254
(214) 253-2533 (Telephone)
(214) 204-0033 (Facsimile)
vincent.bhatti@bhattilawfirm.com
Ditty.john@bhattilawfirm.com
*Attorneys for Plaintiff*